**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TARGET CORPORATION, | ) | CASE NO. 5:18-cv-2783 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SEAMAN CORPORATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion to strike affirmative defenses. (Doc. No. 63 ["Mot."].) Defendant filed its opposition (Doc. No. 64 ["Opp'n"]), and plaintiff filed a reply (Doc. No. 66 ["Reply"]). The Court previously indicated that a ruling on this motion would be deferred pending the parties' mediation at the end of January 2021. In a joint status report filed on February 15, 2021 (*see* Doc. No. 77), the parties indicated that the case did not settle. The Court, therefore, issues this ruling. Plaintiff's motion to strike is **granted in part and denied in part**.

**I.     Background**

Plaintiff Target Corporation ("Target" or "plaintiff") filed this lawsuit against defendant Seaman Corporation ("Seaman" or "defendant") on December 3, 2018. (Doc. No. 1, Complaint ["Compl."].) Target claims that it purchased from Seaman a roofing membrane product known as FiberTite to be installed on numerous Target stores throughout the United States. The product was purchased on a store-by-store basis over an eleven-year period. (*Id*. ¶ 30.) Target further claims that, in order to gain status as an approved supplier of roofing product for Target, Seaman agents made certain representations about Seaman's ability to meet Target's quality standards and

performance requirements. (*Id.* ¶¶ 20–29.) Target alleges that Seaman's roofing product did not perform as promised. (*Id.* ¶¶ 111–13.) Its complaint, seeking compensatory damages and other remedies, alleges four counts: (1) breach of express warranty; (2) fraud; (3) deceptive trade practices (Ohio Rev. Code § 4165.01, *et seq.*); and (4) revocation of acceptance. Seaman filed its answer and affirmative defenses. (Doc. No. 12.)

On February 12, 2019, Target filed its first amended complaint ("FAC"), identifying 109 Target stores that had Seaman roofing product allegedly showing defects. (Doc. No. 17.) Seaman answered (Doc. No. 20) and, with leave, subsequently amended its answer and affirmative defenses. (Doc. No. 28.) Target apparently continued to monitor the roofs on its stores and later discovered an additional 33 stores with allegedly defective roofs supplied by Seaman. Target sought, and was granted over Seaman's opposition, leave to file a supplemental complaint ("Suppl. Compl."), which it did on July 29, 2020. (Doc. No. 60.) According to Target, the supplemental complaint "increased the number of stores at issue in the lawsuit, but otherwise contained the exact same causes of action and allegations as originally pled." (Mot. at 695.) The supplemental complaint "also alleged that Seaman told Target that membrane cracking was due to large hail, rather than a product defect." (*Id.*, citing Suppl. Compl. ¶ 337.)[1] On August 12, 2020, Seaman filed its answer to the supplemental complaint, with affirmative defenses. (Doc. No. 61.)

The instant motion to strike affirmative defenses timely followed on September 2, 2020. After conducting several status conferences with counsel and advising them of the Court's first impressions regarding Seaman's motion to strike, the Court indicated that it would defer ruling on

---

[1] Target "considered a roof membrane to 'need' replacement when the roof membrane had substantial or widespread cracking or degrading, including hairline cracks that had not yet breached through the entire membrane, because even hairline cracks in such membranes could lead to leaks and substantial damages." (Suppl. Compl. ¶ 25.)

the motion until after the anticipated mediation that the parties hoped would resolve the case. The Court "encouraged the parties to take the Court's first impressions into account as they enter into mediation." (Minute Order, 12/17/2020.) Mediation occurred on January 27–28, 2020, but was unsuccessful (*see* Doc. No. 77, Joint Status Report at 997[2]), rendering the motion ripe for determination.

## II. Discussion

In its motion to strike, Target challenges certain affirmative defenses raised by Seaman for the first time on August 12, 2020 in its answer to the supplemental complaint:

> 2. Plaintiff's claims are barred because of Plaintiff's willful destruction and spoliation of evidence and other failure to preserve evidence relating to its claims in this case.
>
> 15. The alleged injury and/or damages suffered by Plaintiff were caused by Acts of God.

(Mot. at 695–96, quoting Doc. No. 61 at 684, 685.) In addition to its request that the second affirmative defense be stricken, Target also asks that Seaman's reference to "[p]laintiff's wrongful destruction and spoliation of evidence" in the thirteenth affirmative defense also be stricken. (*Id.* at 697.) Target claims that "[the] new affirmative defenses are untimely, unrelated to the changes in Target's Supplemental Complaint, and otherwise insufficient as a matter of law." (*Id.* at 694.) Target requests that these affirmative defenses be stricken pursuant to Fed. R. Civ. P. 12(f). (*Id.*) The Court will address each in turn.

---

[2] All page references are to the page ID# assigned by the ECF system.

3

### A. Spoliation

Target claims that "Seaman's new spoliation allegations are improperly pled as affirmative defenses[,]" are "insufficient as a matter of law[,]" and "should be stricken from the pleadings." (Mot. at 696–97, citing cases.)

In opposition, Seaman argues that "many district courts around the country have recognized spoliation as an affirmative defense and have denied motions to strike the same." (Opp'n at 714, citing cases.) Seaman cites no cases from courts in the Sixth Circuit, but merely attempts to distinguish those cited by Target. (*Id.* at 715.) Seaman further argues that, in Ohio, "an affirmative defense is a defense that assumes the plaintiff can meet the elements of a claim, 'but asserts some legal reason why the plaintiff cannot have any recovery on that claim[.]'" (*Id.* at 714, quoting *State ex rel. The Plain Dealer Publ'g Co. v. City of Cleveland*, 661 N.E.2d 187, 190 (Ohio 1996).)[3] Without conceding that Target can meet the elements of its claims, Seaman declares that "the relevant question … is whether spoliation of evidence may provide such an 'independent reason' for Target's claims to fail." (*Id.*) Seaman answers in the affirmative.

As properly pointed out in Target's reply, the cases relied upon by Seaman to argue that spoliation is an affirmative defense actually did not address it as such. (Reply at 730.) "In fact, four of the five cases cited by Seaman were expressly distinguished and rejected by another District Court because they did not address whether spoliation is truly an affirmative defense." (*Id.*, citing *ArcelorMittal Indiana Harbor LLC v. Amex Nooter, LLC*, No. 2:15-cv-195-PRC, 2017 WL 6508763, at *2 (N.D. Ind. Dec. 20, 2017) ("Some decisions have denied a motion to strike an affirmative defense or granted a motion to amend an answer involving spoliation labeled as an

---

[3] Seaman indicates an intention to seek sanctions against Target but does not adequately explain how this would convert spoliation of evidence into a proper affirmative defense. (Opp'n at 714–15.)

4

affirmative defense but have done so without directly addressing whether spoliation is in fact an affirmative defense.") (case citations omitted).)

In *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009), the court noted that federal, not state, law applies for spoliation sanctions because the sanction power arises from a court's inherent power to control the judicial process and because federal rules are applied to evidentiary matters (such as spoliation). In *Berger v. Cleveland Clinic Found.*, No. 1:05-cv-1508, 2006 WL 8454032 (N.D. Ohio July 14, 2006), the court concluded that "spoliation is not an affirmative defense." *Id.* at *1 (citing *Conocophillips Co. v. Shaffer*, No. 3:05-cv-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (holding that "the intentional tort of 'spoliation of evidence' is a *cause of action* in Ohio, not an affirmative defense.") (emphasis in original)). Rather, as properly pointed out by the *Berger* court, any evidence of spoliation is "part of the general evidence in the case." *Id*.

Target's motion to strike spoliation as an affirmative defense is **granted**. The second affirmative defense and a portion of the thirteenth affirmative defense are stricken, without prejudice to Seaman's right to raise evidence of spoliation as part of the general evidence.

### B. Acts of God

Target argues that this Court should not permit Seaman to plead an Acts of God affirmative defense because Target's Supplemental Complaint did not change the theory or scope of the case, but only increased the number of stores at issue for damages purposes. (Mot. at 697–98, citing, *inter alia*, *Medpace, Inc. v. Biothera, Inc.*, No. 1:12-cv-179, 2013 WL 5937040, at *2 (S.D. Ohio Nov. 4, 2013) ("Normally, a party served with an amended pleading has the duty and right only to respond to the amendment or the changes in the amended pleading.") (citation omitted).) Target also argues that Seaman was "undisputedly aware of hail in connection with this lawsuit as early

5

as 2018, and it should have pled Acts of God at that time." (*Id*. at 698.) Target argues that Seaman is improperly attempting to circumvent this Court's deadline to amend pleadings, to Target's prejudice, without making the necessary "good cause" showing. (*Id*. at 699–700.)

In opposition, Seaman argues that it was entitled to "plead anew" in its answer after Target amended its original complaint. (Opp'n at 716, citing *Walgreen Co. v. Hummer*, No. 1:10-cv-2902, 2012 WL 13033091, at *2 (N.D. Ohio May 3, 2012) ("agree[ing] with [d]efendants and those courts that hold the filing of an amended complaint opens the door for a responding party to assert new affirmative defenses and counterclaims").) Seaman claims that even the case from the Southern District of Ohio relied upon by Target does not require a nexus between plaintiff's new allegations and any new defenses raised by defendant. (*Id*.) Seaman claims that, by adding 33 stores, "the Supplemental Complaint also expands the geographic reach of Target's claims, as the newly added stores are in areas of the country (each subject to different climates and weather conditions that contribute differently to the durability of a roofing membrane (such as hail and other Acts of God)) that are different and distinct from the previously identified stores." (*Id*. at 717.) Therefore, in Seaman's view, Target "significantly expand[ed] the scope of the facts that are relevant to Target's claims and that will need to be addressed by Seaman on a store-by-store basis." (*Id*.) Finally, Seaman argues that "the issue of hail has been in the case for years, so the mere formalization of an Acts of God defense does nothing to change the issues to be addressed by the parties, nor does it prejudice Target in any way." (*Id*. at 718.)

Seaman's arguments are not without merit. In addition, the parties seem to be in agreement that the question of hail damage is not new, although it may have been belatedly raised as a formal Acts of God defense. Target claims that Seaman "could have raised an Acts of God defense much earlier in the litigation[,]" (Reply at 734), not disputing Seaman's claim that "'the issue of hail has

6

been in the case for years …'" (*id*., quoting Opp'n at 711, 718), or that "Target's expert reports … examine[d] the impact of hail." (Opp'n at 713.)

In light of these procedural facts, Target's claim of prejudice is somewhat ameliorated. Further, during the status conference on December 17, 2020, "the Court advised counsel … that, because Target should be given an opportunity to supplement its expert report(s) to address the narrow issue of "act of God – hail" that has been defensively raised by Seaman in response to Target's supplemental complaint which added stores, the parties should work together to include an expert report supplement and rebuttal in their next proposed dates and deadlines." (Minute Order, 12/17/2020.) New deadlines for that purpose were included in the Fifth Amended Case Management Plan and Trial Order. (*See* Doc. No. 76.)

Target's motion to strike the Acts of God - Hail defense raised by Seaman is **denied**. Target will be permitted to revise its expert reports to address this affirmative defense, if necessary.

### III. Conclusion

For the reasons set forth herein, Target's motion to strike affirmative defenses (Doc. No. 63) is **granted in part and denied in part**.

**IT IS SO ORDERED**.

Dated: February 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**